■   In the Matter of THE GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS OF ATLANTIC METAL PRODUCTS, INC., Assignor. MAX M. GOLDHABER, Respondent; UNITED STATES OF AMERICA, Appellant.—In an assignment for the benefit of creditors, claimant appeals from an order of the Supreme Court, Westchester County, entered July 1, 1976, which granted the as-

signee-respondent's motion to disallow the appellant's claim for postassignment tax penalties. Order affirmed, with $50 costs and disbursements. The sole issue in this case is whether tax penalties which accrued after an assignment for the benefit of creditors are allowable claims entitled to the statutory priority generally accorded to all debts owed to the United States. The statutory priority is established by section 3466 of the Revised Statutes (US Code, tit 31, § 191), which provides in part that: "Whenever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied". This statute has been generally construed as not applying to postassignment interest on pre-assignment tax liabilities where the proceeds are insufficient to pay all creditors in full (see *Matter of Pavone Textile Corp. [Bloom]*, 302 NY 206, affd *sub nom. United States v Bloom*, 342 US 912). The rationale for disallowing postassignment interest is that the delay in distributing the proceeds to the creditors is a necessary incident to administering the estate. The disallowance of postassignment interest is a fundamental principle of insolvency proceedings, founded on the recognition that the insolvent corporation is a dead fund, with each creditor to equitably share in the salvage (see *New York v Saper,* 336 US 328). This reasoning is equally applicable to postassignment tax penalties. The abstract distinction between interest and penalties, i.e., that interest is a cost imposed on the use of money whereas penalties are a means of punishing some default or wrong, is not pertinent to this appeal. Here the tax penalties accrued solely because of the delay in paying the tax liabilities which had been incurred prior to the assignment. The delay in distribution is inherent in the judicially controlled administration of an insolvent's estate. No purpose will be achieved by penalizing the innocent creditors who are themselves concerned with the speedy administration of the estate. Since postassignment penalties will only punish the creditors rather than the now insolvent taxpayer, such penalties, like postassignment interest should not be allowed. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.