In re L. B. LLOYD, Debtor.

L. B. LLOYD, Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant,

and

James J. O'Connell, Esquire, Trustee Additional Defendant.

Bankruptcy No. 81–05372K.
Adv. No. 82–0300K.

United States Bankruptcy Court,
E. D. Pennsylvania.

March 25, 1982.

David Paul Daniels, Camden, N. J., for debtor/plaintiff.

James J. O'Connell, Philadelphia, Pa., trustee/additional defendant.

Andrea M. Krill, Philadelphia, Pa., for defendant/GMAC.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint by the debtor against GMAC for

turnover of an automobile repossessed prior to the filing of the petition under the Bankruptcy Code. After hearing duly held and consideration of the appropriate state law, the Court finds that relief must be denied.[1]

In March of 1981, the debtor purchased an automobile and entered into an installment sales contract. The contract was assigned to GMAC which perfected the security interest. In October of 1981, the debtor ceased making payments on the loan. As a consequence, the car was repossessed on December 17, 1981. On December 21, 1981, GMAC notified the debtor of his rights under state law.[2] The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 30, 1981.

The instant complaint was filed by the debtor on February 10, 1982. The debtor alleged that the vehicle must be returned by GMAC pursuant to sections 541 and 542 of the Bankruptcy Code. The Court does not find this to be the case.

 Although it is true that the debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"[3], such interest must be defined under appropriate state law. In a bankruptcy case, the Court must look to non-bankruptcy law to determine interests in property. *Butner v. U. S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).[4] The rationale is that such interests are created and defined by state law and absent some overriding federal interest, such interests should not be analyzed differently in a bankruptcy proceeding. *Butner, supra; Lewis v. Manufacturing Nat. Bank,* 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961).

 In this case, the appropriate law is that of the Commonwealth of Pennsylvania, particularly the Vehicle Sales Act.[5] Under this statute, after an automobile is repossessed, the buyer is entitled to redeem the vehicle by paying the entire unpaid balance plus other charges and costs authorized by the statute.[6] Other alternatives include reinstatement of the contract or refinancing the obligation as provided in the Vehicle Sales Act.[7] The debtor has not attempted to exercise any of these rights.

Instead, the debtor argues that the vehicle is property of the estate, under § 541 of the Bankruptcy Code, which must be turned over to the debtor, under § 542 of the Code. The matter, however, is not so simple. The interest of the estate, under § 541, is that interest possessed by the debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1). In this case, at the time of the commencement of the case, the debtor retained only a limited interest in the vehicle. The debtor's interest was limited by the effect of Pennsylvania law. If the debtor's interest in property was limited when the petition was filed, the rights of the debtor cannot be expanded by § 541. The Bankruptcy Code does not create interests in property greater than that which existed at the commencement of the case.[8]

The debtor's interest, in this case, was limited by state law. Certain remedies were available to the debtor under the Vehicle Sales Act. In order to give the debtor

---

1. This Opinion constitutes findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. These rights arise under the Pennsylvania Motor Vehicle Sales Finance Act, 69 *Pa.Stat. Ann.* § 601 *et seq.* (Purdon). (Hereinafter referred to as the Vehicle Sales Act).

3. 11 U.S.C. § 541(a)(1).

4. *Accord; In re Tidwell,* 4 B.R. 100 (Bkrtcy.W. D.Tex.1980); *In re R & R Contracting, Inc.,* 4 B.R. 626 (Bkrtcy.E.D.Wash.1980); *In re Wheeler,* 5 B.R. 600 (Bkrtcy.N.D.Ga.1980); *In re Jenkins,* 13 B.R. 721 (Bkrtcy.D.Colo.1981).

5. See footnote 2, *supra.*

6. Vehicle Sales Act § 625.

7. Vehicle Sales Act § 624.

8. *See, Wheeler, supra,* note 4; *In re Boteler,* 5 B.R. 408 (Bkrtcy.S.D.Ala.1980); *Cross Electric v. U. S.,* 11 B.R. 998 (D.C.W.D.Va.1980); *In re Conrad,* 12 B.R. 32 (Bkrtcy.N.D.Ohio 1981); *In re Avery Health Center,* 8 B.R. 1016 (D.C.W.D. N.Y.1981).

an opportunity to exercise the rights under state law, the debtor will be given ten (10) days from the date of this Order to take steps under the Vehicle Sales Act.

If the debtor does not pursue the matter under the statute, GMAC shall be entitled to take any steps deemed appropriate. The automatic stay imposed by § 362 of the Bankruptcy Code will not apply because the debtor will have lost his interest in the property. As a matter of equity, the Court is extending the statutory redemption period. If the debtor does not pursue redemption, he will lose his interest in the property. The vehicle will, therefore, no longer be property of the estate which would be protected by the automatic stay. 11 U.S.C. § 362(c)(1).