**In re Vann K. ENGLISH and Anita English, Debtors.**

**GENERAL MOTORS ACCEPTANCE CORP., Plaintiff,**

v.

**Vann K. ENGLISH and James J. O'Connell, Trustee, Defendants.**

**Bankruptcy No. 82–01450K.
Adv. No. 82–0931K.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 9, 1982.

---

**5.** These cases were consolidated for administrative purposes only.

Robert Perry, Philadelphia, Pa., for debtors/defendants.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

Roger M. Whiteman, Philadelphia, Pa., for plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion for summary judgment by the plaintiff in a case commenced by a complaint for relief from the stay. The facts are not in dispute and the case was placed before the Court for decision on the legal issue. The Court finds that relief from the stay should not be granted and will direct the debtor to provide adequate protection for the interest of the secured creditor.[1]

The debtor purchased a 1981 automobile several months prior to filing of this Chapter 13 case. The car was financed through the dealer which assigned the contract rights and security interest in the vehicle to GMAC, the plaintiff in this case. The debtor failed to maintain his monthly payments and the car was repossessed on March 25, 1982. The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 2, 1982.

Two (2) weeks later, on April 16, 1982, GMAC filed the instant complaint for relief from the stay. The debtors answered the complaint and requested turnover of their vehicle. GMAC, on the other hand, sought to foreclose any interest of the debtor and proceed to dispose of the car under the terms of the Pennsylvania Motor Vehicle Sales Finance Act. 69 *Pa.Stat.Ann.* § 601 *et seq.* (Purdon) (hereinafter referred to as the Vehicle Sales Act.)

This case is a nearly identical case which this Court has recently decided. *In re Lloyd*, 18 B.R. 624 (Bkrtcy.E.D.Pa.1982). Indeed, the *Lloyd* case provides the basis for the plaintiff's motion for summary judgment. In *Lloyd*, the Court ruled that the debtors' interest in property must be defined under appropriate state law.[2] As in the *Lloyd* case, the Vehicle Sales Act is the appropriate statute in this case.

It is important to note that the vehicle was repossessed prior to the filing of the petition under Chapter 13. Under the Vehicle Sales Act, after repossession, the owner has a limited interest in the vehicle. The statute provides the owner with the opportunity to redeem the vehicle by paying the entire unpaid balance plus other charges and costs authorized by the statute.[3] Other

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *See,* also, *Butner v. U. S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Lewis v. Man-* ufacturers Nat. Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961).

3. Vehicle Sales Act § 625.

alternatives include reinstatement of the contract or refinancing the obligation.[4]

The plaintiff in this case is correct in asserting that the ruling of this Court in *Lloyd* is *stare decisis.* GMAC, however, reads the case too narrowly. The plaintiff maintains that they will only release the vehicle upon redemption. This is not the holding of the *Lloyd* case. The debtors are correct in asserting that *Lloyd* also provided for reinstatement of the obligation.[5] The Court, therefore, concludes that the debtors should have an opportunity to reinstate the agreement. The debtors have offered to make up the arrearages and pay all reasonable costs incurred by GMAC. The Court finds this to be a satisfactory offer and will order GMAC to turnover the vehicle to the debtors upon payment of this amount.

Section 624 of the Vehicle Sales Act, which provides for reinstatement of the contract, can easily be analogized to comparable provisions of the Bankruptcy Code. An executory contract, for example, can be assumed if the debtor cures the defaults under the agreement in a reasonable time. 11 U.S.C. § 365(b)(1). In addition, as a general proposition, the debtor may use property of the estate. 11 U.S.C. § 363. At the request of a party with an interest in the property, however, the Court may condition such use upon the interest being adequately protected. 11 U.S.C. § 363(e).[6] Finally, adequate protection for the interest of a secured creditor would prevent the creditor from obtaining relief from the automatic stay. 11 U.S.C. § 362(d)(1).

"Adequate protection" is a term which is undefined by the Bankruptcy Code. Instead, several examples of what may constitute "adequate protection" are provided. 11 U.S.C. § 361. One means of adequate protection would be by periodic cash payments. 11 U.S.C. § 361(1). In this case, the debtors have offered to maintain the current monthly payments in order to protect this secured creditor's interest. The Court finds that this offer will constitute adequate protection for GMAC under §§ 363 and 362. Furthermore, the debtors have offered to cure the defaults and pay reasonable costs incurred by GMAC. This offer would satisfy § 365(b)(1)(A) regarding the assumption of executory contracts.

Even without looking to the Bankruptcy Code, the defaults under this agreement could be cured and the contract reinstated. Section 624 of the Vehicle Sales Act grants the owner of the repossessed vehicle such a remedy. GMAC, however, is ignoring this provision of the Pennsylvania statute and focusing entirely on a companion provision which allows the debtor to redeem the vehicle by payment of the entire balance plus certain charges. Vehicle Sales Act § 625 B.

The Court finds that it would be inequitable and unjust to allow GMAC to insist upon redemption of the vehicle when both the Bankruptcy Code and the Pennsylvania statute provide a less stringent remedy. The Court will order the vehicle returned to the debtors upon payment of all past due installments and reasonable costs. In order to adequately protect the interest of GMAC in the vehicle, the Court will Order the debtors to immediately commence the regular monthly payments.

---

4. Vehicle Sales Act § 624.

5. In the *Lloyd* case, however, the debtors made no effort to exercise their rights under the Vehicle Sales Act.

6. Although § 363(e) speaks of the trustee using property of the estate, § 1303 grants the debtor the powers and duties of the trustee under this sub-section.