1412 Spruce, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued September 13, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Norman A. Oshtry,* for petitioner.

*A. Jay Molluso,* Deputy Attorney General, Chief of Collections Section, with him *J. Leonard Langan,* and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 22, 1982:

Before us in this matter is the motion of petitioner 1412 Spruce, Inc. for summary judgment.

The petitioner is a corporation whose principal place of business was and whose corporate registered address is 1412 Spruce Street, Philadelphia, Pennsylvania. Upon its cessation of business it forwarded its restaurant liquor license to respondent Pennsylvania Liquor Control Board (PLCB) for safekeeping in accordance with standard PLCB procedures. Subsequently, the holder of an outstanding money judgment against the petitioner filed a writ of execution directing the Sheriff of Dauphin County to attach and publicly sell the petitioner's liquor license, and the PLCB, after being served with a copy of this writ as garnishee, gave the license to the Sheriff. At a public Sheriff's sale the license was sold for $95.14, and the PLCB then began the process of transferring or issuing the petitioner's license to the successful bidder. Meanwhile, the petitioner, having learned of the "sale," requested here a preliminary injunction to en-

join the PLCB from transferring the license. After a hearing, this Court enjoined the PLCB as requested.

Summary judgment will be granted where there is no genuine issue of material fact remaining and where the movant is entitled to judgment as a matter of law. *Burd v. Department of Transportation,* 66 Pa. Commonwealth Ct. 129, 443 A.2d 1197 (1982). Both parties here agree that no genuine issue of fact remains, and that the legal question is: Does a restaurant liquor license, while in safekeeping with the PLCB, constitute "personal property" within the meaning of Pa. R.C.P. No. 3107[1] and, if so, is it therefore subject to the execution process?

The petitioner argues that Section 468(b.1) of the Liquor Code,[2] which refers to the placing of a license in safekeeping with the PLCB, leaves no doubt that the legislature intended that a liquor license be considered a privilege as opposed to a property right. This section in pertinent part provides: "[t]he license shall continue *as a personal privilege* granted by the board and *nothing herein shall constitute the license as property." Id.* (emphasis added). The petitioner further contends that Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b), would preclude any contrary construction of Section 468 (b.1), because it directs that "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The PLCB, however, argues that a liquor license has a status dependent upon the relationship of the parties involved. It contends that, between the Com-

---

[1] Rule 3107 provides that:

Real or personal property of the defendant may be levied upon or attached in any order or simultaneously, as the plaintiff may direct.

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-468(b.1).

monwealth and the licensee the license is a privilege, but, between the licensee and third parties the license is property and therefore a proper subject of the execution process under Pa. R.C.P. No. 3107. It cites cases from this Commonwealth dealing with the status of a liquor license in condemnation and inheritance proceedings and cases from other jurisdictions involving, *inter alia,* federal tax liens. We have carefully considered the cases cited, but we believe that they are of limited or no value. Specifically, as to the cases from the other jurisdictions, we find no indication therein of statutory language similar to our Section 468(b.1). And, concerning the PLCB's reliance on *Redevelopment Authority of the City of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975), which first implicitly advocated the abandonment of "privileges" and "property" distinctions in determining the nature of a liquor license in condemnation proceedings, we believe that the language in this case suggests an intention to limit the holding therein to eminent domain cases where compelling constitutional considerations are involved in determining what "just compensation" is. Here, no such compelling interests exist. Additionally, we note that Section 468(b.1) was added to the Liquor Code *after Lieberman* was decided, as was *Feitz Estate,* 402 Pa. 437, 167 A.2d 504 (1961), which held taxable an heir's or survivor's right to apply for the transfer of a decedent's liquor license.

Similarly, we are unpersuaded by *Jaybee Loan Co., Inc. v. United States of America,* No. 78-3847 (May 9, 1980). Relying upon *Lieberman, Feitz,* and interpretations of the Uniform Commercial Code in other jurisdictions, and without mentioning Section 468(b.1) of the Liquor Code, the federal magistrate for the Eastern District Court of Pennsylvania there held that "neither Pennsylvania decisional law nor Pennsylva-

nia's Liquor Code . . . prohibit a security interest [under the Pennsylvania Uniform Commercial Code] in a liquor license." *Id.* slip op. at 17.

Noting the absence of any definitive legislative intent underlying Section 468(b.1) of the Liquor Code, we must agree with the petitioner that we may not disregard the clear and unambiguous language of this section under the pretext of pursuing its alleged spirit. We believe, therefore, that the license involved herein continues as a personal privilege and does not constitute a property right subject to the execution process. Clearly, the position which the PLCB advocates, be it desirable or not, is a matter which is more properly suited to be addressed, and corrected if necessary, by the legislature.

We will, therefore, grant the petitioner's motion for summary judgment.

### ORDER

AND Now, this 22nd day of December, 1982, the petitioner's motion for summary judgment in the above-captioned matter is hereby granted and the proceedings relating to the sale of said liquor license No. R-11378 by the Sheriff of Dauphin County are declared to be null and void ab initio.

The prothonotary of this Court is directed to mail a copy of this order to the Sheriff of Dauphin County.