In Re: Revocation of Liquor License No. R-2193 and Amusement Permit No. AP-2193 issued to A.R.F. Bar, Inc. A.R.F. Bar, Inc., Appellant.

Argued September 13, 1982 before President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

368

*Joseph Rappaport, Rappaport and Furman,* for appellant.

*Kenneth W. Makowski,* Deputy Chief Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 28, 1983:

The Philadelphia County Common Pleas Court, by order, affirmed the revocation of A.R.F. Bar, Inc.'s (ARF) restaurant liquor license and the forfeiture of its bond. ARF appeals. We affirm.

The facts are undisputed. ARF borrowed money from Penn Finance Corp. (Penn) and secured the loan by pledging its corporate stock and perfecting a security interest in its liquor license. On October 31, 1979, the Pennsylvania Liquor Control Board (Board) cited ARF for a violation which had occurred on January 11, 1979.[1] After a hearing, the Board, considering as well two prior citations, revoked ARF's license. In the meantime, on July 5, 1979, having missed several payments, ARF's loan was foreclosed on by Penn which took title to ARF's corporate stock and forwarded the license to the Board for safekeeping.[2]

---

[1] ARF was charged with maintaining and permitting gambling on the licensed premises. Gambling is a violation of Section 5513 of the Crimes Code, 18 Pa. C. S. §5513.

[2] Section 468(b.1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, added by Section 2 of the Act of November 16, 1978, P.L. 1389, 47 P.S. §4-468(b.1), provides, in part that:

In the event that [a licensee] shall become insolvent, make an assignment for the benefit of creditors, become bankrupt

The trial court initially vacated the revocation, finding that one of the prior citations was procedurally defective.[3] However, acting on the Board's petition for reconsideration, the court reinstated the revocation and bond forfeiture.[4]

On appeal to this Court,[5] ARF first argues that the liquor license is personal property and, hence, is subject to a valid security interest. We disagree. To be afforded the secured transaction protection of the Uniform Commercial Code,[6] the subject of the security interest must be personal property.[7] In our most

___

by either voluntary or involuntary action, the license of such person shall be immediately placed in safekeeping with the board. . . .

[3] In one instance, the Board had failed to issue the citation within one year of the corresponding violation as required by Section 471 of the Liquor Code, 47 P.S. §4-471.

[4] On appeal from a license revocation, in order to reverse or modify the Board's action, a court must make factual findings on the material issues different from those found by the Board. *Carver House, Inc. Liquor License Case*, 454 Pa. 38, 40, 310 A.2d 81, 82-83 (1973). It is clear that "[a] finding that the Board abused its discretion by considering a prior citation in fixing the penalty is not a material additional finding of fact upon which a penalty modification may be based." *Pennsylvania Liquor Control Board v. Brock's Cafe, Inc.*, 39 Pa. Commonwealth Ct. 597, 598, 396 A.2d 74, 75 (1979).

[5] In a liquor license revocation case, our review is limited to a determination of whether the Board's order is supported by sufficient evidence and whether the common pleas court committed an error of law or abused its discretion. *Bobotas v. Pennsylvania Liquor Control Board*, 46 Pa. Commonwealth Ct. 537, 539, 408 A.2d 164, 165 (1979).

[6] 13 Pa. C. S. §§9101-9507.

[7] A "security interest" is defined at Section 1201 of the Uniform Commercial Code, 13 Pa. C. S. §1201, as "an interest in *personal property* or fixtures which secures payment or performance of an obligation." (Emphasis added.) This definition also includes interests in other rights (*e.g.*, accounts, chattel paper and contract rights) which are not here applicable.

recent pronouncement, we relied on Section 468(b) of the Liquor Code[8] in concluding that, *for purposes of the execution process under the Pennsylvania Rules of Civil Procedure,*[9] a liquor license constitutes a *personal privilege* rather than a property right. *1412 Spruce, Inc. v. Pennsylvania Liquor Control Board,* 70 Pa. Commonwealth Ct. 501, 503, 453 A.2d 382, 384 (1982). Seeing no reason to differentiate, we conclude that, for *security interest purposes,* a liquor license does not constitute personal property.[10]

ARF, relying on *Primo's Bar, Inc. Liquor License Case,* 48 Pa. Commonwealth Ct. 188, 409 A.2d 1369 (1979), also argues that the Board cannot revoke a license when such revocation would work a forfeiture against an innocent third party lender. In *Primo's Bar, Inc.,* we prevented the Board from revoking a license because to do so would have been detrimental to a lender "who is now in control of the corporation, *for a corporate officer's conduct unconnected to either the Liquor Code or conduct on the premises.*" *Id.* at 194, 409 A.2d at 1373. (Emphasis added.) This license was revoked for illegal conduct both connected

---

[8] Pa. R.C.P. No. 3701 provides that:

Real or personal property of the defendant may be levied upon or attached in any order or simultaneously, as the plaintiff may direct.

[9] 47 P.S. §468(b.1), which provides, in part, that "[t]he license shall continue *as a personal privilege* granted by the board and *nothing herein shall constitute* the license as property." (Emphasis added.)

[10] We note the decision of the Bankruptcy Court for the Eastern District of Pennsylvania in *Branding Iron, Inc. v. Business Loans, Inc.,* Bankruptcy No. 79-202K (December 16, 1980) in which it was held that a Pennsylvania liquor license is "property" and consequently may properly be made the object of a security interest. As in *1412 Spruce, Inc.,* we will not disregard the clear and unambiguous wording of Section 468(b.1) of the Liquor Code and, accordingly, we reject the conclusion in *Branding Iron.*

with the Liquor Code[11] *and* which had occurred on the premises. Consequently, Penn, although foreclosing on the loan and taking title to ARF's stock without notice of any violations, is not entitled to be protected by the doctrine delineated in *Primo's Bar, Inc.*

Affirmed.

### ORDER

The Philadelphia County Common Pleas Court order, No. Misc. No. 80-02-2389, dated September 29, 1980, is hereby affirmed.

---

[11] The license was revoked under Section 471 of the Liquor Code, 47 P.S. §4-471, which empowers the Board, after a hearing, to revoke a liquor license "upon . . . sufficient cause shown. . . ." Permitting gambling on licensed premises is "sufficient cause" under Section 471 for imposing statutory sanctions. *See Shiloh American Legion Liquor License Case*, 61 Pa. Commonwealth Ct. 628, 631, 434 A.2d 1314, 1316 (1981).