In the Matter of Gerald J. STUBENHOF-
ER and Ann Marie Stubenhofer, Stu-
beys Tavern, The Great Escape, Debtors.

James K. McNAMARA, Trustee,
Plaintiff,

v.

Charles A. KIENHOLZ, Paul Pelinsky
and Charlene Pelinsky, his wife,
Defendants.

Bankruptcy No. 83–00122E.
Adv. No. 83–0134.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 14, 1983.

Michael J. Visnosky, McClure, Dart, Miller, Kelleher & White, Erie, Pa., for debtors.

James J. Stuczynski, Ely & Bernard, Erie, Pa., for defendant Kienholz.

Robert G. Dwyer, Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for defendants Pelinsky.

James K. McNamara, Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., pro se.

## MEMORANDUM AND ORDER ADJUDICATING DEBTORS' EXEMPTION RIGHTS IN PENNSYLVANIA LIQUOR LICENSE AND VALIDITY OF ALLEGED SECURITY INTEREST THEREAGAINST

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The debtors ask us to determine their rights of exemption in the proceeds of sale of a Pennsylvania Liquor License and the validity of security interests thereagainst by virtue of papers filed in the offices of the Secretary of the Commonwealth of Pennsylvania and the Prothonotary of Erie County, Pennsylvania in favor of the defendants, Charles A. Kienholz and Paul Pelinsky and wife.

The Commonwealth Court of Pennsylvania decided in the case of *In re Revocation of Liquor License No. R–2193*, —— Pa. Cmwlth. ——, 456 A.2d 709 (1983) that a liquor license is a privilege and not personal property against which the lien of secured transactions can attach under the provisions of sections of the Pennsylvania Uniform

Commercial Code embodied in 13 Pa.C.S.A. §§ 1201, 9101–9507.

The claim that the license is subject to the exemption of $750.00 under 11 U.S.C. § 522(d)(6) for "implements, professional books or tools of the trade of the debtor" is disallowed on the ground that a license confers a right or privilege to transact a type of business, and is not a professional book or a tool or implement by means of which acts involved in the conduct of a trade or business are performed. Such right or privilege is, however, "*property*" in our opinion included in the subject matter of the exemption "*in any property*" provided in 11 U.S.C. § 522(d)(5) not to exceed the value of $400.00 plus any unused amount of the homestead exemption, subject, however, to the power of the Commonwealth to regulate, to approve or disapprove transfer of, and for reasons specified in applicable legislation and regulations, revoke such license.

It is our opinion that the rights of the debtors in the subject liquor license are subject to their claim for exemption under 11 U.S.C. § 522(d)(5) subject to the above mentioned powers of regulation of the Commonwealth of Pennsylvania free and clear of any security interest of the defendants, Charles A. Kienholz and Paul Pelinsky and wife, under their alleged security interests, and said alleged security interests are declared null, void and of no effect. It is accordingly ordered that the trustee shall pay the sum of $15,800.00 to the debtors from the $35,000.00 sale proceeds of the liquor license and distribute the balance of said proceeds sec. leg. on approval of his first and final distribution accounting and further Order of Court.