In re Henry L. HODGES, individually and t/a O'Henry's, Debtor.

Roy MILLER and Martha K. Miller, Plaintiffs,

v.

Henry L. HODGES, Defendant,

and

James R. Leonard, Jr., Trustee, Defendant.

Bankruptcy No. 81–04599 T.
Adv. No. 82–0338.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 13, 1983.

David L. Williams, Morgan, Hallgren, Crosswell & Kane, P.C., Lancaster, Pa., for plaintiffs.

Barry A. Solodky, Georgelis & Solodky, Lancaster, Pa., for defendant.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiffs, pursuant to Section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1), seek relief from the automatic stay so that they can obtain the re-transfer of a liquor license from the debtor/defendant. For the reasons hereinafter given, we determine that the plaintiffs are not entitled to relief from the automatic stay.[1]

## I. FACTS

In February 1980, the plaintiffs and the debtor entered into a sale and lease agreement. The agreement provided, *inter alia,* for the long-term sale of the assets of the plaintiffs' restaurant and bar business to the debtor. Among the assets was a liquor license issued by the Pennsylvania Liquor Control Board. The agreement further provided that the parties would execute a Power of Attorney, which would permit the plaintiffs to obtain the re-transfer of the liquor license from the debtor should the debtor default under the terms of the agreement. The Power of Attorney was executed on March 27, 1980.

The parties have stipulated that the debtor has been in default of the agreement since May 1981, but has, despite repeated requests by the plaintiffs, refused to return possession of the liquor license to them. The liquor license has remained titled in the name of the debtor, even though it has been held in "safekeeping" by the Pennsylvania Liquor Control Board since June 19, 1981 due to the debtor's insolvency, pursuant to 47 P.S. § 4–468(b.1).

On September 29, 1981, the plaintiffs filed an action in equity against the debtor in the Court of Common Pleas of Lancaster County, Pennsylvania, seeking to compel the debtor to re-transfer the liquor license to the plaintiffs pursuant to the aforementioned agreement and Power of Attorney. On November 4, 1981, the Common Pleas Court entered a default judgment in favor of the plaintiffs. The debtor filed his voluntary Chapter 7 bankruptcy petition in our Court on November 9, 1981. However, on November 17, 1981, the Common Pleas Court entered a final decree, ordering the debtor to return possession of the liquor license to the plaintiffs.[2] Subsequently, the plaintiffs filed their complaint for relief from the automatic stay in order to be able to pursue their state law remedies with regard to the liquor license. Following the debtor's answer, the hearing on the complaint, and the submission of briefs by the parties, the case is now ready for disposition.

## II. DISCUSSION

Section 362(d)(1) of the Bankruptcy Code, upon which the plaintiffs rely, provides in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest...

█ The plaintiffs argue that they are entitled to the benefit of their bargain with the debtor (i.e., re-transfer of the liquor license) in accordance with their agreement and Power of Attorney. They contend that § 362(d)(1) entitles secured creditors to the essential benefits of their bargains with

---

1. This Opinion constitutes the findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

2. This final decree is of no effect, however, in that it is violative of the § 362(a) automatic stay, which became effective on November 9, 1981, the date of the debtor's bankruptcy filing.

debtors, citing *In re Heath,* 9 B.R. 665 (Bkrtcy.E.D.Pa.1981), a case involving a secured creditor. We have no quarrel with *Heath.* However, the plaintiffs' argument is premised upon their assumption that they have a security interest in the liquor license and are thereby secured creditors of the debtor. The plaintiffs' assumption is based upon the aforementioned agreement and Power of Attorney. However, the law in Pennsylvania, which we are required to apply on this issue, is that a liquor license is not personal property for security interest purposes and thus cannot properly be the subject of a security agreement. *In re Revocation of Liquor License No. R–2193,* 72 Pa.Cmwlth. 367, 456 A.2d 709 (1983). Therefore, in the present matter, the plaintiffs do not have a security interest in the liquor license by virtue of the agreement and corresponding Power of Attorney.

The plaintiffs do not allege that they have, and, indeed, do not have, any other type of lien against the liquor license. Therefore, the plaintiffs have no "interest in property" vis-a-vis the liquor license within the meaning of § 362(d)(1). The plaintiffs are simply unsecured creditors of the debtor's estate.

■ The plaintiffs also argue, however, that the "totality of circumstances" involving the plaintiffs, the debtor, and the liquor license provides "cause" for their being granted relief from the automatic stay pursuant to § 362(d)(1) so that they can acquire the benefit of their bargain with the debtor. It is true that the plaintiffs may not be typical unsecured creditors, given the facts of this case. Nevertheless, they are legally in the same position as other unsecured creditors who would like to be able to pursue their contractual rights and remedies against the debtor in state court in order to acquire the benefits of their bargains with the debtor. As such, they are, of course, equally subject to the automatic stay provisions of the Bankruptcy Code. The plaintiffs have offered no specific nor compelling reasons and no relevant case law (and the Court has found none) to support their position that, under the circumstances of this case, they are entitled to treatment different from that accorded to other unsecured creditors pursuant to § 362(d)(1).

■ In the alternative, the plaintiffs argue that the liquor license is not property of the estate within the meaning of Section 541 of the Bankruptcy Code, 11 U.S.C. § 541, and is thus not subject to the Court's jurisdiction. The plaintiffs assert, in this regard, that when a liquor license is being held in safekeeping by the Pennsylvania Liquor Control Board, as in the present case, the license is only a "privilege" and not "property", and, therefore, cannot be disposed of by the bankruptcy trustee for the satisfaction of creditor claims herein. In support of their proposition, the plaintiffs cite *1412 Spruce, Inc., v. Com., Pennsylvania Liquor Control Bd.,* 70 Pa.Cmwlth. 501, 453 A.2d 382 (1982), which held that a liquor license, while in safekeeping with the Pennsylvania Liquor Control Board, was not subject to the execution process in Pennsylvania because it constituted a personal privilege rather than personal property. The Court in *1412 Spruce, supra,* relied upon 47 P.S. § 4–468(b.1), which states in part that a liquor license held in safekeeping by the Pennsylvania Liquor Control Board "shall continue as a personal privilege granted by the board and nothing herein shall constitute the license as property."

However, we find the plaintiffs' argument to be without merit. Given our above discussion of the plaintiffs' other arguments and the fact that the liquor license is titled in the debtor's name, it is clear that the liquor license constituted one of the "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Also see House Report No. 95–595, 95th Cong. 1st Sess. (1977) 367–8; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 82–3, U.S.Code Cong. & Admin.News 1978, p. 5787, for a discussion of the broad definition of property of the estate contained in § 541.

Furthermore, 47 P.S. § 4–468(b.1), a portion of which we quoted above in discussing the plaintiffs' argument, also states in part:

In the event that any person to whom a license shall have been issued under the

provisions of this article shall become insolvent, make an assignment for the benefit of creditors, become bankrupt by either voluntary or involuntary action, the license of such person shall be immediately placed in safekeeping with the board for the balance of the term of the license and for an additional period of one year upon application to the board by the trustee, receiver, or assignee. The trustee, receiver or assignee shall have, during said period of safekeeping, the same rights, benefits and obligations as to the license as the person to whom the license had been issued, including the right to transfer the license subject to the approval of the board. . . .

Thus, even under the statute relied upon by the plaintiffs, a trustee in bankruptcy may transfer a liquor license subject to the approval of the Liquor Control Board. This fact in itself is sufficient to negate the plaintiffs' argument that a liquor license held in safekeeping by the Liquor Control Board is not property of the estate subject to disposition by the trustee in bankruptcy for the satisfaction of creditor claims under appropriate circumstances.

For all of the foregoing reasons, the plaintiffs' complaint will be dismissed.