In the Matter of M.J.'s, INC., a Pennsylvania Corporation, Debtor.

UNION BANK & TRUST CO., ERIE, now by merger Northwest Bank, Plaintiff,

v.

Robert W. PARKER, Jr., Trustee, Defendants.

Bankruptcy No. 82–00465.

United States Bankruptcy Court, W.D. Pennsylvania.

May 16, 1985.

Robert W. Parker, Jr. and MacDonald, Illig, Jones & Britton, Erie, Pa., for trustee in bankruptcy.

James J. Stuczynski and Ely & Bernard, Erie, Pa., for plaintiff.

Lawrence C. Bolla, and Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for debtor.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO DETERMINE SECURED STATUS

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

This matter is before the Court on Plaintiff's Motion to determine the status of a purported security interest in the debtor's Pennsylvania liquor license and amusement permit under the provisions of 11 U.S.C. § 506(c).

The parties filed a stipulation of facts on June 19, 1984 in which it was agreed that plaintiff and defendant entered into a contract whereby plaintiff lent defendant the sum of $40,000.00 and defendant signed a promissory note and security agreement to secure payment of the loan. Pursuant to said note and security agreement, plaintiff attempted to take a purchase money security interest in Pennsylvania Hotel Liquor License H–2281 and Amusement Permit No. AB–16854. The liquor license and amusement permit are the only remaining assets of the debtor, M.J.'s, Inc. The plaintiff seeks to have its lien transferred to the proceeds of the Trustee's expected sale of said assets.

The precise issue before this Court is whether the plaintiff's purported security interests in the liquor license and amusement permit are valid liens.

As counsel for plaintiff concedes, this court must apply Pennsylvania law to the resolution of the problems under the holding of the Supreme Court in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Under the facts of this case, the subject of the bank's security interest must be personal property for the bank to be afforded the secured transaction protection of the Uniform Commercial Code: *In re Revocation of Liquor License No. R–2193,* 72 Pa.Commw. 367, 369, 456 A.2d 709, 711 (1983) construing 13 Pa.C.S.A. § 1201 and holding a liquor license is a privilege and not personal property capable of being the subject of a security interest.

For security interest purposes, under Pennsylvania law a liquor license itself is not property, capable of being subject to the lien of a secured transaction, but is a privilege to transact a type of business: *1412 Spruce, Inc. v. Commonwealth, Pa. Liquor Control Bd.,* 504 Pa. 394, 474 A.2d 280, 283 (1984); *In re Revocation of Liquor License No. R–2193,* 72 Pa.Commw. at 370, 456 A.2d at 711, (supra); 47 P.S. § 468(b.1). See also *In Re Hodges,* 33 B.R. 51, 53 (Bcy.E.D.Pa.1983); *In re Caylor,* 31 B.R. 821, 822 (Bcy.W.D.Pa.1983); *In re Stubenhofer,* 31 B.R. 820, 821 (Bcy.W.D. Pa.1983).

Accordingly, IT IS ORDERED, ADJUDGED and DECREED that the plaintiff's security interest neither covers Pennsylvania Liquor License No. H–2281 nor Amusement Permit No. AB–16854 and that said liquor license and amusement permit are not included in the collateral subject to plaintiff's interest but are general assets in the bankrupt estate.