**In re Kerry KRAMER, Debtor.**

**Edwin T. JOHNSON & David R. Johnson, Plaintiffs,**

**v.**

**Kerry KRAMER, Debtor and Stephen Raslavich, Esquire, Trustee, Defendants.**

**Bankruptcy No. 85–05106K. Adv. No. 86–0009K.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 2, 1986.

Steven Raslavich, Philadelphia, Pa., trustee.

Michael H. Kaliner, Philadelphia, Pa., for defendant/trustee.

Robert G. Rosen, Lansdale, Pa., for defendant/debtor.

Steven H. Sailer, Newtown, Pa., for plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The plaintiffs in this adversary action contend that they are the owners of a Pennsylvania liquor license as a result of a default by the debtor under a pre-petition agreement between the plaintiffs, as sellers, and the debtor and a third party, as purchasers of the license. Plaintiffs seek relief from the automatic stay and a declaratory judgment in order to proceed with an application for the transfer of the license back to them. The debtor and the Trustee oppose the requested relief.

For the reasons stated herein, we conclude that the plaintiffs are not entitled to modification of the stay or a declaratory judgment.

The relevant facts are as follows: [1]

Prior to September 14, 1984, Edwin and David Johnsons ("the Johnsons") were the owners of a liquor license. On September 14, 1984, the Johnsons entered into an agreement ("the License Agreement") for the sale of the license to Kerry Kramer ("Kramer" or "debtor") and Erwin Nase ("Nase"). The purchase price was $30,000.00 to be paid as follows:

(1) $1,500.00 when the transfer of the license was approved by the Pennsylvania Liquor Control Board ("PLCB");

(2) $3,500.00 thirty (30) days after the transfer; and

(3) $25,000.00 to be paid in installments over a thirty-month period from the effective date of the transfer, as evidenced by a non-interest bearing note in the same amount. The transfer of the license was approved by the PLCB in October, 1984. Kramer and Nase were named as licensees on the license.

The parties also entered into a Lease Agreement with regard to real estate located in Perkasie, Bucks County, Pennsylvania. The Lease Agreement provided for rental payments of $2,500.00 per month by the lessees, Kramer and Nase; however, Kramer and Nase were to pay $1,200.00 per month for the first six (6) months, plus utilities and taxes.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

The License Agreement provided that upon default under either the License or Lease Agreement, the license would be reconveyed to the Johnsons. On September 14, 1984, Kramer and Nase signed an irrevocable Power of Attorney that allowed the Johnsons to execute whatever documents were necessary to have the license conveyed back to them in the event that Kramer and Nase defaulted under the provisions of the License Agreement and/or the Lease Agreement. Kramer and Nase borrowed an additional $5,000.00 from the Johnsons in order to purchase liquor and to pay for insurance on the property. Subsequently, one (1) payment in the amount of $5,000.00 was made to the Johnsons in April, 1985. The $5,000.00 payment was applied as follows:

(1) $2,500.00 against the $5,000.00 loan; and

(2) $2,500.00 toward the insurance premiums.

Kramer and Nase defaulted under the License Agreement and Lease Agreement. In July, 1985, the Johnsons took possession of the real estate, sent the liquor license to the PLCB for safekeeping, and instituted the process to have the license reconveyed to them.

Kramer filed a petition for relief under Chapter 7 of the Bankruptcy Code ("Code") on November 16, 1984. Immediately upon the filing of a petition, an automatic stay arises which generally bars the commencement or continuation of any debt collection efforts against the debtor or property of the debtor's bankruptcy estate. 11 U.S.C. § 362(a).

The Johnsons now seek to modify the stay for "cause", pursuant to 11 U.S.C. § 362(d)(1), in order to have the liquor license reconveyed to them. They contend that they have an ownership interest in the license, and that their interest is superior to the debtor's interest or Nase's interest in the license. They also filed a complaint for declaratory judgment. If granted, the declaratory judgment would state that the Johnsons' interest in the license was not altered by the filing of the bankruptcy petition, that the license is not an asset of the debtor's estate, and that the PLCB can proceed with the transfer of the license from the names of the debtor and Nase to their own names.

On almost identical facts, a party with a pre-petition agreement providing for the re-transfer of a liquor license in the event of default was held not entitled to relief from the automatic stay in *Miller v. Hodges (In re Hodges)*, 33 B.R. 51 (Bankr.E.D. Pa.1983). The plaintiffs were the former owners of a bar and restaurant business. They sold the assets of the business, including a Pennsylvania liquor license, to the debtor, pursuant to a sale/lease agreement. The agreement provided that the parties would execute a Power of Attorney, which would permit the plaintiffs to obtain the re-transfer of the license from the debtor should the debtor default under the terms of the agreement. The Power of Attorney was executed approximately one (1) month after the agreement was signed. The debtor defaulted under the agreement but refused to return possession of the license to the plaintiffs. When the debtor filed a petition in bankruptcy, the license was sent to the PLCB for safekeeping. However, it remained titled in the debtor's name. The plaintiffs filed an action in equity in the Common Pleas Court of Lancaster County. The Court subsequently entered a final decree directing the debtor to return the license to the plaintiffs. The Bankruptcy Court, however, observed that the final decree was of no effect because it was entered in violation of the automatic stay.

The plaintiffs in *Hodges* argued that they were entitled to the benefit of their bargain with the debtor (i.e., re-transfer of the liquor license) in accordance with their agreement and Power of Attorney. First, the Court noted that the plaintiffs could not be secured creditors because they did not, and could not, obtain a security interest in the liquor license under Pennsylvania law. The law in Pennsylvania is that a liquor license is not personal property for security interest purposes and cannot properly be the subject of a security agreement. *In re Revocation of Liquor License No. R–2193*, 72 Pa.Commw. 367, 456 A.2d 709 (1983); *see also 1412 Spruce, Inc. v. Com-*

*monwealth, Pennsylvania Liquor Control Board,* 70 Pa.Commw. 501, 453 A.2d 382 (1982) (holding that a liquor license, while in safekeeping with the PLCB, was not subject to the execution process in Pennsylvania because it constituted a personal privilege rather than personal property).

The plaintiffs also argued that they were entitled to relief from the automatic stay for "cause" under 11 U.S.C. § 362(d)(1). Section 362(d)(1) of the Code provides:

On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The Court, however, found that the plaintiff had failed to establish "cause", stating:

The plaintiffs do not allege that they have, and, indeed, do not have, any other type of lien against the liquor license. Therefore, the plaintiffs have no "interest in property" vis-a-vis the liquor license within the meaning of § 362(d)(1). The plaintiffs are simply unsecured creditors of the debtor's estate ...

It is true that the plaintiffs may not be typical unsecured creditors, given the facts of this case, nevertheless, they are legally in the same position as other unsecured creditors who would like to be able to pursue their contractual rights and remedies against the debtor in state court in order to acquire the benefits of their bargains with the debtor. As such, they are, of course, equally subject to the automatic stay provisions of the Bankruptcy Code. The plaintiffs have offered no specific or compelling reasons and no relevant case law (and the Court has found none) to support their position that, under the circumstances of this case, they are entitled to treatment different from that accorded to other unsecured creditors pursuant to § 362(d)(1).

*Id.,* at 53.

Finally, the plaintiffs in *Hodges* argued that the liquor license could not be considered "property of the estate" under the holding of *1412 Spruce, Inc., supra,* because that case held that a liquor license was a personal privilege and not property. The Court rejected that argument as well, relying on the broad definition of property of the estate contained in § 541(a)(1) of the Code, and PA.STAT.ANN. tit. 47, § 4-468 (Purdon 1969), which provides:

In the event that any person to whom a license shall have been issued under the provisions of this article shall become insolvent, make an assignment for the benefit of creditors, become bankrupt by either voluntary or involuntary action, the license of such person shall be immediately placed in safekeeping with the board for the balance of the term of the license and for an additional period of one year upon application to the board by the trustee, receiver, or assignee. The trustee, receiver or assignee shall have, during said period of safekeeping, the same rights, benefits and obligations as to the license as the person to whom the license had been issued, including the right to transfer the license subject to the approval of the board ...

Section 541(a)(1) of the Code defines "property of the estate" as all legal or equitable interests of the debtor in property as of the commencement of the case. This provision is very broad and includes both tangible and intangible forms of property, causes of action, etc. Thus, while the license itself may not be property of the estate, the trustee's rights with regard to the license, specifically those set forth in PA.STAT.ANN. tit. 47, § 4-468 (Purdon 1969), are property of the estate within the meaning of § 541(a)(1).

We agree with the reasoning as well as the conclusion of *Hodges.* The plaintiffs in the case at bench have not given us any facts which would support a different holding. In both cases, there was a provision in the agreement providing for the re-transfer of the license in the event of default and the debtors executed Powers of Attorneys.

Although the plaintiffs admittedly had the right to terminate the contract

upon default, which rights they did exercise, that termination did not automatically divest the debtor of the ownership of the license. In this case, neither the License Agreement nor the Lease Agreement purported to grant the plaintiff/sellers any rights in and to the liquor license. By its terms, the contract to purchase the license was an installment sales contract, under which the plaintiffs transferred the license for consideration which was to be paid out over time. Even if the default terms of the contracts are construed to be a reservation of rights in the license, such an encumbrance is prohibited by law. *1412 Spruce, Inc.* Accordingly, the plaintiffs are merely unsecured creditors.

As support for their position, plaintiffs cite *In re Lloyd,* 18 B.R. 624 (Bankr.E.D. Pa.1982). In *Lloyd,* a secured creditor repossessed an automobile prior to the debtor's filing of a petition in bankruptcy. *Lloyd* is inapposite to the case at bench because the plaintiffs in the instant case are not secured creditors.

Having found that the plaintiffs are not entitled to the relief requested, we will enter Orders denying the motion for relief from the automatic stay and dismissing the complaint for a declaratory judgment.