517 A.2d 1017

Joseph Ambrosia et al. *v.* City of Scranton.

Paul Caviston *v.* City of Scranton.

Thomas Ryan *v.* City of Scranton.

Joseph Ambrosia et al., Appellants.

Argued September 9, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert A. Mazzoni,* for appellants.

*Robert T. Gownley, Jr.,* Assistant City Solicitor, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, November 17, 1986:

Appellants were hired on or about July 8, 1980 by the City of Scranton to serve as reserve patrolmen and, in accordance with the Act of June 18, 1974, P.L. 359, *as amended,* 53 P.S. §§740-749, establishing the Municipal Police Officers' Education and Training Program, attended 480 hours of instruction at Lackawanna Junior College in Scranton from July 1980 to July 1981. After successfully completing the mandatory training, Appellants filed suit against the City of Scranton

requesting back wages and reimbursement for expenses incurred allegedly owed them for their attendance at the training program.[1] The Lackawanna County Court of Common Pleas, upon receiving into evidence waivers signed by Appellants in which Appellants agreed to waive all rights to wages or expenses from the City during their attendance at the training program, granted the City's motion for non-suit. Appellants then filed a motion for removal of the non-suit which was refused by the common pleas court. This appeal followed.

Appellants argue on appeal that there exists a factual foundation for liability for wages and expenses which should have been referred to a jury for determination. Appellants assert that they were not aware of the rights that they were giving up when they signed the waivers.

To date, there have been no decisions by an appellate court on this issue. The Carbon County Court of Common Pleas in *Joseph Weaver et al. v. The Borough of Jim Thorpe*, 8 Carbon County L.J. (C.P. Pa. 1981), was presented with the issue whether because the plaintiffs in *Weaver* attended police training courses after being informed by the Borough it could not lawfully pay them for their attendance they waived their statutory right of compensation as the Borough argued. The common pleas court disagreed, stating, that the Borough had misapplied the law of waiver. The common

---

[1] Section 10(a) of the Act, 53 P.S. §749(a), reads in pertinent part:

(a) The commission, through the commissioner, shall provide for reimbursement to each political subdivision of one hundred per cent of the allowable tuition and the ordinary and necessary living and travel expenses incurred by their officers while attending certified municipal police basic training schools, providing said political subdivision adheres to the training standards established by the commission. The regular salary of police officers while attending approved schools, within the meaning of this act, shall be paid by the employing political subdivision.

pleas court pointed out that waiver is the intentional relinquishment of a known right, *Linda Coal & Supply Co. v. Tasa Coal Co.*, 416 Pa. 97, 204 A.2d 451 (1964), that "to constitute a waiver of a legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it." *Brown v. City of Pittsburgh*, 409 Pa. 357, 360, 186 A.2d 399, 401 (1962). Because there was no evidence that the plaintiffs had indicated in a clear and decisive way that they were giving up their right of compensation, the court awarded summary judgment in the plaintiffs' favor.

Contrary to the circumstances in the *Weaver* case, in this case plaintiffs signed a waiver in which each agreed to "waive all rights I may have in receiving any wages or expenses from the City of Scranton under the Act." The waiver also included a statement to the effect that the person whose signature appeared at the bottom of the page had read the waiver and was willing to relinquish the aforementioned rights.

To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law. *1412 Spruce, Inc. v. Pennsylvania Liquor Control Board*, 70 Pa. Commonwealth Ct. 501, 453 A.2d 382 (1982), *aff'd* 504 Pa. 394, 474 A.2d 280 (1984).

Like the common pleas court in this case, we find no ambiguity in the waivers signed by Appellants. The waivers clearly state that the plaintiffs agreed not to receive any wages during their training period. We will affirm.

### ORDER

AND NOW, this 17th day of November, 1986, the order of the Lackawanna County Court of Common Pleas in the above-captioned matter is hereby affirmed.