## Botts v. Koko's Inc.

*Samuel Glantz,* for estate of Joseph J. Botts.

*Tanya Gampa, pro se,* for Koko's Inc.

*Earl A. Mead,* for Royal Vending.

*Stanley W. Rutkowski,* for Royal Vending Co.

*Patricia Hendrix, pro se,* for Pa. Dept. of Labor and Industry,.Office of Employment Security.

*John P. Diefenderfer,* for Quincey C. Norwood.

*Samuel M. Snipes,* for liquidating receiver.

*Sandra Scott, pro se,* for Pa. Dept. of Revenue, Bureau of Accounts Settlement.

*John J. Cook Jr.,* for Lower Bucks Cooling & Heating Co.

*Stanley R. Rudewicz, pro se,* for Internal Revenue Service.

*G. Kozdra* or *E. Epstein, pro se,* for Internal Revenue Service, Special Procedures Staff.

*Thomas J. Profy III,* for Jack Dareoff.

*Jeffrey V. Matteo,* for Leo Gampa.

*I. Kwansky,* for Dept. of Justice.

*H. Stephen Kesselman, district counsel,* for the Internal Revenue Service.

KELTON, *J.,* January 9, 1987 — At issue in these receivership proceedings is whether or not the United States government is entitled to any priority in distribution of the assets of an insolvent corporation and, if so,. in what amount.

The first account of Samuel M. Snipes, receiver of the property of Koko's Inc., was presented to the court for audit, confirmation and distribution as ad-

vertised according to law. Due proof of appropriate notice thereof to all parties legally interested in said estate appears in the record.

Said account has been examined and audited by the court. Balances for distribution totalling $76,062.66 shown therein include principal in the amount of $66,855.22 and interest of $9,207.44 composed of money market account no. 7902-4055 in the Philadelphia National Bank. Said respective balances for distribution appear to have been correctly computed and stated in the accounting filed.

Accountant submitted to be debited to income in the amount of $1,722.69 for interest earned and received since the closing date of the accounting.

Various questions for priority of distribution have been raised and the fund currently on deposit will be authorized to be held or distributed in accordance with the schedule of partial distribution which is attached to this adjudication.

The United States government's lien claim against the debtor's assets arose from 1980 employment taxes plus interest and penalties accruing prior to the appointment of the receiver on October 1, 1981, and additional interest and penalties accruing thereafter. The government's notice and claim for these items was filed with the Bucks County Prothonotary on May 2, 1982. At that time, other creditors had judgments of record, but none so far as we have been able to determine, had perfected sheriff's levies against any specific personal property of the debtor.[1]

In explaining the partial schedule of distribution which follows, we note first that the receipts of prin-

---

1. The other creditors objecting at the hearing were: Joseph Botts, Far West Services, Quincey Norwood and Jack Darreff.

cipal coming into the hands of the receiver and now on deposit with the prothonotary originated from the following sources:

| | |
|---|---|
| Net proceeds of sale of Pennsylvania Liquor License by the Receiver ............ | $55,000.00 |
| Balance of the other proceeds of sale of personal property and interest earned thereon | $22,835.35 |
| Net proceeds deposited by receiver with prothonotary ............... | $77,835.35 |
| Less court reporter expense charged by court .............. | $ − 75.00 |
| Balance with prothonotary (not including additional interest on prothonotary deposit) ............ | $77,760.35 |

Second, we hold that the liquor license which was sold by the receiver for a net of $55,000 does not constitute "personal property" which is subject to levy and attachment on execution by general creditors. See *1412 Spruce v. Commonwealth of Pennsylvania, Liquor Control Board,* 70 Pa. Commw. 501, 453 A.2d 382 (1982). Hence, none of the non-governmental parties had or could acquire an interest in that specific property ahead of the United States.

Third, we will follow the case of *Atlantic Metal Products Inc. v. United States,* 398 N.Y.S. 2d 737, 59 A.D. 2d 779 (N.Y. App., Div. 1977) and hold that the claim of the United States government for *pre*-receivership interest and penalties should be allowed as a priority claim but that such *post*-receiv-

ership interest and penalty items are not accorded priority.

Fourth, all parties agree that administration expenses, receiver's fees and receiver's counsel fees are entitled to first priority.

Next, we hold that the United States claim for 1980 federal withholding taxes, Federal Insurance Contribution Act taxes, and Federal Unemployment Act taxes plus interest and penalties accruing up to. but not after the appointment of the receiver (totalling $31,241.74) should be paid after administration expenses. See 31 U.S.C. §3713(a)(1)(A)(i) and (iii). Under that section, the United States government shall be paid "first" under the following circumstances: when a person (1) is indebted to the government, (2) is insolvent and (3) has committed "an act of bankruptcy." We find as a fact that all three conditions have been met. Thus, the United States goes ahead of the other creditors. However, because there is an asset available to it which is not available to the others, we will, therefore, direct a marshalling of assets for the United States claim and order that the United States claim be paid from the $55,000 liquor license sale proceeds on which no other creditor had or could claim a choate lien.

Finally, we agree with the United States government's argument that 26 U.S.C. §6323(a) does not give any of the parties including the so-called landlord, any prior claim on the liquor license proceeds. As to those proceeds, all private creditors had unperfected or inchoate claims. Compare *1412 Spruce,* supra, (private claim) with *21 West Lancaster Corp. v. Main Line Restaurant,* 790 F.2d 354 (3rd Cir., 1986) (U.S. lien).

Thus, we are not required to resolve any apparent conflict as to the interplay between 31 U.S.C. §3713

and 26 U.S.C. §6323 as shown in the opinion in support of affirmance in *U.S. v. Wyoming National Bank of Wilkes-Barre*, 493 Pa. 441, 426 A.2d 1098, 1106 (1981) and *Nesbitt v. U.S.*, 445 F. Supp. 824, 829 (1978) affirmed 622 F.2d 433, cert. den. 451 U.S. 984. In both *Wyoming National* and in *Nesbitt*, the issues involved alleged creditor liens against real estate and not personal property or a liquor license. Under Pennsylvania law, private party judgments are liens on *real estate* from date of entry with the prothonotary, but are not liens on *personal property* subject to execution until after execution issues. Under *21 West Lancaster*, supra, private judgment liens do not attach to liquor licenses, but United States tax claims do.

We will not, at this time, attempt to make a distribution between the conflicting claims, if any, as to the remaining creditors other than the United States government. All of the creditors who appeared at the hearing stated that they believed they could arive at a stipulation as to the distribution priorities affecting them.

Therefore, the account is hereby confirmed as a first and partial account, and it is ordered and decreed that Samuel M. Snipes, receiver as aforesaid, shall make and pay the distributions herein awarded forthwith upon the absolute confirmation hereof and shall hold the remaining balance to be disposed of pursuant to stipulation of the parties or further order of the court.

## ORDER

And now, this January 9, 1987, the within adjudication is directed to be filed and is hereby confirmed nisi.