## Bittenbinder v. The Woods Schools and Residential Treatment Center

*S. Richard Klinges III*, for plaintiff.
*Michael McKenna*, for defendant.

BORTNER, *J.*, June 13, 1989 — Defendant, the Woods Schools and Residential Treatment Center, moves this court for summary judgment pursuant to Bucks County R.C.P. 266. Defendant alleges that as a landowner who made its land available to the public for recreational purposes without charge, it is immune to suit pursuant to the Pennsylvania Recreational Use of Land and Water Act, 68 P.S. §477-1 et seq. We hereby grant summary judgment on the basis of RULWA.

On May 7, 1986, plaintiff, Anton J. Bittenbinder

Jr., was injured while playing softball on a field owned and maintained by defendant, the Woods Schools and Residential Treatment Center. Defendant, a non-profit corporation serving mentally retarded children and adults, permitted members of the public, including plaintiff's softball team, to use its field free of charge.

On the day in question, plaintiff was playing the center field position when he fell into an open drainage ditch while attempting to catch a ball. Subsequently, plaintiff brought suit against defendant on the various negligence theories, including failure to cover the ditch, failure to warn of an open ditch, and failure to keep the field in a safe condition. In response to plaintiff's complaint, defendant averred in its new matter that defendant is immune from liability under RULWA.

The purpose of RULWA is to encourage landowners to make available land and water areas to the public for recreational purposes by limiting their liability toward persons entering their land. 68 P.S. §477-1. The landowner's duty is set forth at 68 P.S. §477-3 as the following: "[a]n owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warnings of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes."

The landowner is immune from liability from those persons who he permits without charge to use the property for recreational purposes. 68 P.S. §477-4. Only if the landowner has acted willfully or maliciously with respect to dangerous conditions or activities on the land will any liability result. 68 P.S. §477-6(1).

Plaintiff argues that defendant should be denied summary judgment because defendant is not enti-

tled to protection under RULWA for two reasons: (1) the softball field is not "land" open to the public within the meaning of RULWA and (2) it is not known whether or not plaintiff charged a fee for use of its land to be used for recreational purposes.

Summary judgment may be granted only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *1412 Spruce Inc. v. Pennsylvania Liquor Control Board*, 70 Pa. Commw. 501, 453 A.2d 382 (1982). A review of the record indicates that defendant falls within the scope of RULWA and thus is entitled to judgment as a matter of law.

Defendant's softball field is land open to the public under the meaning of RULWA. The Commonwealth Court in *Loman et al v. Indiana A.S.D. et al.,* 96 Pa. Commw. 389, 507 A.2d 1270 (1986) held that for purposes of RULWA a baseball field is land. In *Loman* the Commonwealth Court held that an electric company which leased the field to a borough parks commission was entitled to the protection of RULWA after an infant was struck by a baseball while attending a high school baseball game and where the electric company did not charge any person to use the property for recreational purposes.

Plaintiff argues that *Loman* is inapplicable under the facts of the instant case because defendant's field was not for use of the general public like the *Loman* field. Plaintiff contends that defendant's field was land for the use of the particular softball league in question and thus not for the purposes of the general public.

We find plaintiff's distinction meritless. The fact that plaintiff was a member of a particular league at the time of the injury and a player instead of a spectator does not mean that the field was not open

to the public. The Vice President of Finance and Administration of the Woods School, James Kevin Fee, testified that the school, a *private* institution, grants members of the public, such as various softball leagues, permission to use *their* field.

We further find no merit in plaintiff's contention that it is not known whether or not plaintiff was required to pay any fees for his participation in the league and for the use of the field. By virtue of the deposition testimony of James Fee, it is undisputed that no admission fee was asked for or paid by plaintiff or the softball league. Further, Mr. Fee testified that the school had never charged a fee to members of the public to use its field. Finally, whether or not plaintiff paid the fee to the league is irrelevant under the provisions of RULWA.

## ORDER

And now, June 13, 1989, the matter having come before the court for disposition under Bucks County R.C.P. 266, it is hereby ordered and decreed that defendant's motion for summary judgment is granted.