547 A.2d 1309

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Wayside Bar, Inc., Appellee.

*Felix Thau,* Deputy Chief Counsel, for appellant.

*Lee C. Krause,* for appellee.

OPINION BY SENIOR JUDGE NARICK, September 30, 1988:

The Pennsylvania Liquor Control Board (LCB) appeals from an order of the Court of Common Pleas of

Wayne County (trial court) which reversed an order of the LCB refusing Wayside Bar, Inc.'s (Applicant) application for renewal of its restaurant liquor license. We reverse.

Applicant held restaurant liquor license R-17560. Applicant's restaurant liquor license filled the license quota for Cherry Ridge Township, Wayne County.[1] On January 18, 1985, Applicant surrendered its license to the LCB for safekeeping.[2] The license expired on July 31, 1985, and Applicant failed to file an application to renew the license for the year beginning August 1, 1985 prior to the July 31, 1985 expiration date.

On June 14, 1985, Hickory Ridge Ski and Action Park, Inc. (Hickory) filed an application for a resort area restaurant liquor license for the year beginning August 1, 1985. On October 9, 1985, the LCB approved Hickory's application but as a quota license because Applicant's license had expired, creating a vacancy.

On January 17, 1986, Applicant applied for a renewal of its restaurant liquor license. The LCB refused Ap-

---

[1] The quota for Cherry Ridge Township is one restaurant liquor license.

[2] 40 Pa. Code §7.31 provides in pertinent part:
**Surrender of licenses in certain cases.**

(a) Any licensee whose licensed establishment is not in operation for a period of 15 consecutive days for any reason shall return his license and, if a liquor license, his Wholesale Purchase Permit Card, to the Board not later than the expiration of the 15-day period. The return of such license and card will not invalidate the license, which will be held in safekeeping for the benefit of the licensee and be available for his use when operations are resumed at the licensed premises, or for transfer.

Applicant placed its license in safekeeping because it was doing substantial remodeling on the licensed premises which prevented operation of its establishment.

plicant's application for renewal because the municipality's quota for restaurant liquor licenses had been filled.

Applicant appealed to the trial court. The trial court concluded that it was an abuse of discretion for the LCB to refuse Applicant's renewal application, because Applicant's license was being held in safekeeping by the LCB and because Hickory's application was for a resort area restaurant liquor license.

On appeal to this court,[3] the LCB contends it did not have discretion to accept Applicant's application which was filed within the 10 month period following expiration because Applicant's failure to renew its license on or before the expiration date created a quota vacancy which was filled before Applicant's renewal application was received.

Section 470(a) of the Liquor Code (Code)[4] states that a renewal application is timely filed if filed 60 days prior to the expiration of the license. This section further provides that the Board may in its discretion accept a renewal application filed within 10 months after the expiration date of the license. However, the LCB's discretion to accept a renewal application within the 10 month period following expiration is limited. Section 470(a) provides in pertinent part:

That *except where the failure to file a renewal application on or before the expiration date has created a license quota vacancy after said expiration date which has been filled by the issuance*

---

[3] This court's scope of review in a liquor license case is limited to determining whether there is substantial evidence to support the trial court's determination and whether the trial court committed an error of law or an abuse of discretion. *Pennsylvania Liquor Control Board v. The Boardwalk, Inc.;* 119 Pa. Commonwealth Ct. 555, 547 A.2d 1271 (1988).

[4] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-470(a).

*of a new license, after such expiration date, but before the Board has received a renewal application, within the time prescribed herein* the board, in its discretion, may, after hearing, accept a renewal application filed within ten months after the expiration date of the license . . .

47 P.S. §4-470(a) (emphasis added).

In this case, a license quota vacancy was created by Applicant's failure to renew, and this quota vacancy was filled by the granting of a license to Hickory. Applicant's renewal application was received after the vacancy was filled. Therefore, the LCB was without discretion under section 470(a) to accept Applicant's renewal application.

Applicant argues that because its license was being held in safekeeping by the LCB it should not have expired. Placing a license in safekeeping does not prevent it from expiring. A license which is being held in safekeeping must be renewed just as any other license. To hold otherwise would mean that a licensee whose license was about to expire could extend its license up to a year by placing it in safekeeping. This would be contrary to the purpose of the Liquor Code which is to regulate the sale of liquor, not promote it. *Pennsylvania Liquor Control Board v. Klein,* 101 Pa. Commonwealth Ct. 528, 516 A.2d 1324 (1986).

Applicant also contends that Hickory originally applied for a resort area restaurant liquor license rather than a quota license. It was not necessary for the Board to consider whether Hickory qualified as a resort because the expiration of Applicant's license created a quota vacancy. This quota was clearly filled when Hickory was granted its restaurant liquor license, and therefore the LCB did not have discretion to renew Applicant's liquor license.

Accordingly, we reverse the order of the trial court and reinstate the order of the LCB.

ORDER

AND NOW, September 30, 1988, the order of the Court of Common Pleas of Wayne County in the above-captioned case is reversed and the order of the Pennsylvania Liquor Control Board is reinstated.