**In re SKYLINE PROPERTIES, INC. d/b/a Hunter's Station, Debtor.**

**Richard W. ROEDER, Esq., Chapter 11 Trustee, Plaintiff,**

**v.**

**Mark REISMAN, Esq., Ronald Hall and the Pennsylvania Liquor Control Board, Defendants.**

**Bankruptcy No. 89–00638E. Adv. No. 90–80.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 31, 1991.

Richard W. Roeder, Trustee, Titusville, Pa., pro se.

Leonard R. Omolecki, Harrisburg, Pa., for the Pennsylvania Liquor Control Bd.

Lawrence C. Bolla, Erie, Pa., for petitioning creditors.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

On November 9, 1989, the Petitioning Creditors of Skyline Properties, Inc., doing business as Hunter's Station ("Debtor"), filed an involuntary petition under Chapter 11 of the Bankruptcy Code. Richard W. Roeder, Esq. ("Trustee") was appointed as Chapter 11 Trustee on May 23, 1990. The Trustee instituted the within adversary proceeding to compel turnover of two Pennsylvania Liquor Licenses, Licenses Nos. R–20434 and R–20054 (the "Licenses"), which the Trustee asserts are property of the Debtor's estate, and to require The Pennsylvania Liquor Control Board ("LCB") to renew such Licenses.

Defendant, Marc Reisman, Esq. ("Reisman") returned the Licenses to the Trustee and the Trustee's adversary complaint was dismissed as to defendant Reisman.

The LCB has moved this Court to dismiss the Trustee's adversary complaint. The LCB asserts that this Court lacks subject matter jurisdiction; that this Court lacks jurisdiction over the LCB; that this Court lacks jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157; that the Trustee fails to state a claim for which relief can be granted; and that this Court should abstain.

The Trustee asserts that the Licenses are valuable property of the estate and that this matter is a core proceeding over which this Court has and should maintain jurisdiction.

### Facts

It appears that the facts are relatively undisputed. The Licenses owned by the Debtor expired on July 31, 1989. Prior to their expiration, the Debtor filed a renewal application for the Licenses. The Debtor was notified that tax clearance problems had to be rectified before the renewals could be processed.

The License renewals were pending and were not closed as of November 9, 1989, the date of the filing of the Debtor's bankruptcy petition. The LCB refused to renew License No. R–20054 on December 7, 1989 and closed its file on this license on July 2, 1990. License No. R–20434 was refused renewal by the LCB on February 21, 1990.

### Discussion

#### Subject Matter Jurisdiction

■ The LCB asserts that the Debtor has no property interest in the Licenses, and therefore, this Court has no subject matter jurisdiction over this adversary proceeding.

The Bankruptcy Court clearly has jurisdiction to determine whether a debtor has an interest in property under 11 U.S.C. § 541 and, if so, whether the LCB is wrongfully violating any Bankruptcy Code provision in denying a license renewal to the Debtor. *In re Nejberger,* 112 B.R. 714, 716 (Bankr.E.D.Pa.1990) *rev'd on other grounds In re Nejberger,* 120 B.R. 21 (E.D. Pa.1990). This is a core matter within the meaning of 28 U.S.C. § 157, and we must decide whether the Debtor has any interest in the Licenses. *Nejberger,* 112 B.R. at 717. We have subject matter jurisdiction over this dispute and the LCB's request that we abstain will be denied.

#### Jurisdiction over the LCB

■ The LCB asserts that this Court cannot adjudicate this adversary proceeding because of sovereign immunity.

"To the extent such immunity exists, it protects state agencies against certain monetary awards and not from injunctive or declaratory determinations." *Nejberger,* 112 B.R. at 714; *Hoffman v. Connecticut,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989).

The Debtor seeks a determination as to whether the Licenses are property of the estate and whether the LCB should be required to renew the Licenses. The Debtor does not seek a monetary award or affirmative relief.

We have jurisdiction over the LCB in this matter.

### Failure to State a Claim for which Relief can be Granted

The LCB asserts that the Trustee fails to state a claim for which relief can be granted because the Licenses expired pre-petition and because the Trustee fails to assert irreparable harm to the estate.

The Trustee asserts that the Licenses are property of the estate since renewal was denied by the LCB in violation of § 362, after the bankruptcy was filed and that the Trustee has an enforceable right to renewal of the Licenses.

Should the Trustee prevail, he prevents irreparable harm to the estate by preventing the loss of an asset. The Trustee states a claim for which relief can be granted.

### Conclusion

The LCB's Motion to Dismiss will be denied. An appropriate order will be entered.