**In re SKYLINE PROPERTIES, INC. d/b/a Hunter's Station, Debtor.**

**Richard W. ROEDER, Trustee, Plaintiff,**

**v.**

**Ronald HALL and the Pennsylvania Liquor Control Board, Defendants.**

**Bankruptcy No. 89–00638E. Adv. No. 90–80.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 28, 1991.

**394**

Richard W. Roeder, Titusville, Pa., trustee and pro se.

Leonard R. Omolecki, Jr., Harrisburg, Pa., for Pennsylvania Liquor Control Bd.

Lawrence C. Bolla, Erie, Pa., for petitioning creditors.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

Richard W. Roeder, Esq. ("Trustee") seeks a determination that two Pennsylvania liquor licenses, License Nos. R–20434 and R–20054 (the "Licenses") held by Skyline Properties, Inc., doing business as Hunter's Station ("Debtor") are property of the bankruptcy estate and an order requiring the Pennsylvania Liquor Control Board ("Board") to renew the Licenses.

By Order dated January 31, 1991, we denied the Board's Motion to Dismiss and required the parties to file a Stipulation of Facts, 123 B.R. 535. We further required the parties to advise the Court whether any facts remain in dispute and whether a further hearing is necessary.

The parties filed the Stipulation of Facts on May 20, 1991. Neither party has advised the Court of the need for a further hearing. Thus, the matter is ripe for decision.

### Issues

1. Whether the bankruptcy estate has a property interest in the expired Licenses.

2. Whether the Trustee can compel the Board to renew the expired Licenses.

### Facts

The Board issued the Licenses for a one-year period effective July 31, 1988 to July 31, 1989. The Board accepted renewal applications filed by the Debtor with the requisite filing fees on June 13, 1989, eleven days after the due date of June 2, 1989. Shortly thereafter, the Board notified the Debtor that tax clearance problems existed on both renewals due to the Debtor's failure to timely file and pay various taxes to the Pennsylvania Department of Revenue and the Pennsylvania Department of Labor and Industry.

On November 9, 1989, Petitioning Creditors filed an involuntary Chapter 11 petition against the Debtor, upon which an Order was entered granting relief. The Trustee was appointed on May 23, 1990. The within adversary proceeding was filed by the Trustee on June 6, 1990 for which a summons was issued on July 3, 1990. The Board had no notice of the bankruptcy

prior to the commencement of this proceeding.

The Board refused renewal of License No. R–20054 on December 7, 1989 and closed the license file on July 2, 1990. The Board refused renewal of License No. R–20434 on February 21, 1990.

The Licenses are located in Tionesta Township, Forest County, Pennsylvania, which is a resort area under Section 461 of the Liquor Code. 47 P.S. § 4–461 (Purdon's Supp.1991).

The parties are not in agreement on the value of the Licenses. The Trustee asserts a value of $15,000 for each license while the Board asserts that the Licenses have "very little value" since an applicant for a license in a resort area can obtain a new license upon a showing of necessity.

### Discussion

#### Property Interest

■ The Trustee asserts that the Licenses are property of the estate; that the Board's refusal to renew the Licenses on December 7, 1989 and February 21, 1990 was an administrative action to force payment of a prepetition tax in violation of the automatic stay provided by 11 U.S.C. § 362(a)(1) as of the date the bankruptcy petition was filed.

The Board asserts that the Debtor's interest in the Licenses expired on July 31, 1989. The Board states that "the Debtor could apply for renewal but such ability to apply does not rise to the status of a property right or interest as recognized by § 541 of the Bankruptcy Code."

This issue was recently addressed and resolved by the Third Circuit in *In re Nejberger*, 934 F.2d 1300 (3d Cir.1991):

Although the Board is not required to grant a renewal, the Code does create an expectation that so long as a new license has not been issued to fill a quota vacancy, the Board will consider the application for renewal. The fact that this expectation is merely the right to apply for renewal does not prevent it from being a valuable interest which becomes part of the bankruptcy estate. *See In re Estate*

*of Feitz*, 402 Pa. 437, 167 A.2d 504 [1961].

The letter sent by the Board on March 8, 1989 is consistent with the expectation created by the statute that renewal could be granted within the ten-month period. The Board wrote that it would hold Nejberger's application in "in abeyance" until October 31, 1989 and did in fact keep the file open for ten months. On September 15, 1989 the Board advised that it was closing the file.

We are persuaded that the debtor had an expectation of consideration for renewal that qualifies as a property interest within the meaning of the Bankruptcy Act. The Board's argument that the license had expired on October 31, 1988 fails to address the opportunity for renewal granted by the Liquor Code.

Similarly, the Board held the Debtor's renewal files open, presumably to allow the Debtor an opportunity to resolve the tax clearance issues so that the renewals could be issued. On July 2, 1990, after the bankruptcy petition and the within adversary proceeding was filed, the Board closed the file on License No. R–20054. The file remains open on License No. R–20434.

A bankruptcy trustee is granted the following power in the Pennsylvania Liquor Code, § 47 P.S. § 4–468(b.1) (Purdon's Supp.1991):

(b.1) In the event that any person to whom a license shall have been issued under the provisions of this article shall become insolvent, make an assignment for the benefit of creditors, become bankrupt by either voluntary or involuntary action, the license of such person shall be immediately placed in safekeeping with the board for the balance of the term of the license and for an additional period of one year upon application to the board by the trustee, receiver, or assignee. The trustee, receiver, or assignee shall have, during said period of safekeeping, the same rights, benefits and obligations as to the license as the person to whom the license had been issued, including the right to transfer the license subject to the approval of the board. . . .

**396**

The adversary proceeding was filed within the additional one-year period provided in 47 P.S. § 4–468(b.1) during the period of safekeeping to exercise the rights, benefits and obligations to the Debtor.

Thus, the Trustee has an expectation of consideration of renewal which is a property interest of the estate. The Board's assertion that the Licenses "have very little value" is irrelevant. The Trustee is obligated to pursue assets of the estate, including those of little value.

### Compelling Renewal

█ The Third Circuit stated in *Nejberger*:

The bankruptcy judge concluded that the unpaid taxes claimed by the Commonwealth were prepetition debts that the Liquor Board could not consider as a basis for denying renewal of Nejberger's license. The Board did not contest that holding on appeal to the district court or to this Court. Consequently, we do not address it here.

After ruling that the bankruptcy judge erred in directing the Board to issue a license to Nejberger, the district court offered the debtor the opportunity to submit a current renewal application to the Board for review. The Board would then be free to exercise its discretion to grant or deny renewal, excluding, however, from consideration the fact that taxes remained unpaid. We agree with the district court's decision to limit the scope of relief and will affirm its order.

Applicable here is the District Court's holding that "[t]he effect of [the automatic] stay ... tailored to the state tax accounts should be to permit the board to review and act on the renewal application consistent with the unaffected provisions of the Liquor Code and without violating the Bankruptcy Code." *In re Nejberger*, 120 B.R. 21, 24 (E.D.Pa.1990).

Thus, we cannot unilaterally compel the Board to renew the Licenses and will direct that the Trustee submit updated renewal applications which the Board shall process without consideration of the fact that prepetition taxes remain unpaid.