**In re Brian J. GILLSON and Susan F. Gillson d/b/a Greenhouse Inn and Restaurant, Debtors.**

**Brian J. GILLSON and Susan F. Gillson, Plaintiffs,**

**v.**

**TOWN OF MIDDLETOWN and State of Rhode Island, Division of Taxation, Defendants.**

Bankruptcy No. 90–10606.
Adv. No. 91–1230.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 30, 1991.

Paul DeMarco, Cuzzone, Geremia & Civittolo, Providence, R.I., for debtors/plaintiffs.

Marcia McGair Ippolito, State of R.I., Dept. of Admin., Div. of Taxation, Providence, R.I., for Div. of Taxation.

Turner C. Scott, Miller, Scott, Howe & Kelley, Newport, R.I., for Town of Middletown.

Robert D. Fine, Licht & Semonoff, Providence, R.I., for Worcester County Institution for Sav.

AMENDED DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard as an emergency matter on November 27, 1991, on the complaint of the Chapter 11 Debtors, to compel the Rhode Island Division of Taxation to issue a certificate of good standing and to require the Town of Middletown to renew the liquor license in use at the Debtors' Inn, located in Middletown, Rhode Island.

## FACTS

1. The Debtors operate the Greenhouse Inn in Middletown, Rhode Island overlooking Rhode Island Sound, and have done so since 1984.

2. On May 26, 1984, Brian Gillson applied for and later received a Class B tavern liquor license in the name of Purgatory Associates, the entity named as transferee of the license from Easton's Inn Corporation (the former owner of the Inn, of which Brian Gillson was a 25%-shareholder). On the application, Gillson listed himself and his mother, Beatrice Gillson as partners in Purgatory Associates.

3. At some point in 1988, Beatrice Gillson became ill with Alzheimer's disease. Thereafter, as a result of her incapacity, Brian Gillson contends that the "Purgatory Associates" partnership was dissolved. Nonetheless, subsequent renewals of the liquor license for the Inn continued to be issued in the name of "Purgatory Associates" and/or "Purgatory Associates d/b/a The Greenhouse Inn & Restaurant." *See* Exhibits 1–3.

4. The only state permit for the property to make sales at retail was applied for and issued in 1984, under the name "Purgatory Associates d/b/a Greenhouse Inn and Beach Bar." *See* Exhibit 4.

5. State employee withholding reports for the period from 1984 to the present list "Eastons Inn on the Beach/Purgatory Associates" as the employer, on forms preprinted by Defendant Rhode Island Division of Taxation. *See* Exhibit 7.

6. State sales and use tax returns for the period list either "BJ & B Gillson Purgatory Associates/Greenhouse Rstrnt & Beach Bar" or "Purgatory Assoc/Greenhouse Inc," again on forms preprinted by the Division of Taxation. *See* Exhibit 5.

7. State hotel tax returns for 1990 list "Greenhouse Inn & Rest" as the owner. *See* Exhibit 6.

8. The Debtors filed their Chapter 11 petition on April 24, 1990, listing the "Restaurant, hotel and all its contents" as assets. Nowhere in the schedule of assets do the Debtors specifically list the liquor license at issue, or their interest in Purgatory Associates.

9. The Debtors renewed the license, post-petition, in December, 1990 under the name Purgatory Associates, without incident.

10. The license is set to expire on December 1, 1991, but because of alleged trust fund and other taxes due, the Division of Taxation will not issue the certificate of good standing which is required for the Town of Middletown to renew the license.

11. Worcester County Institution for Savings, a major secured creditor in this case, supports the Debtors' Complaint, viewing the license as essential to the Debtors' Plan of reorganization.

12. The liquor license is essential to the Debtors' reorganization, and its expiration and non-renewal will negatively impact the estate and creditors.

## DISCUSSION

The issue of liquor license transfer and renewal has generated considerable litigation in this Court, much of it brought before us in an "emergency" posture such as we have here. As a result, the matter has been comprehensively discussed by the District Court for the District of Rhode Island, this Court, and the Rhode Island Supreme Court. *See In re Hoffman,* 65 B.R. 985 (D.R.I.1986), *aff'g,* 53 B.R. 874 (Bankr. D.R.I.1985); *Pub Dennis of Mineral Spring Ave., Inc. v. Town of North Providence (In re Pub Dennis of Mineral Spring Ave., Inc.),* 126 B.R. 903 (Bankr. D.R.I.1991); *632 Metacom Assoc. v. Pub Dennis of Warren, Inc.,* 591 A.2d 379 (R.I.1991).[1]

---

1. Although these cases focus on the *transfer* of liquor licenses, their reasoning with respect to the automatic stay and property-of-the-estate issues raised herein, applies to *renewal* of liquor licenses as well. *See In re Nejberger,* 120 B.R. 21, 24 (E.D.Pa.1990), *aff'd,* 934 F.2d 1300 (3d Cir.1991).

■ In light of these decisions and the Division of Taxation's reluctant acceptance of the rules of law laid out therein, we need not revisit the matter here. In short, all of those decisions stand for the proposition that the State of Rhode Island may not condition transfer or renewal of a liquor license (in the Bankruptcy estate) on payment of pre-petition taxes, even though some or all of those taxes may represent so called "trust-fund" taxes. *See In re Hoffman*, 65 B.R. at 988–89; *In re Pub Dennis of Mineral Spring Ave.*, at 905.

The Division of Taxation concedes that if the liquor license is part of the Debtor's estate, then it cannot object to the renewal. Here, much is made of the fact that the license is not specifically scheduled on the Debtors' petition. The Debtors counter that the named license holder is nothing more than a "d/b/a" of Brian Gillson and the Greenhouse Inn, and that the interested parties were at all times fully aware of the Debtors' various affiliates. The Debtors also argue that through inadvertence or neglect, they never changed the name on the license, but that it was understood by all taxing authorities that Purgatory Associates, the Greenhouse Inn, and Brian Gillson, are one and the same. The license, in the Debtors' view, is an asset of the restaurant, and has been in use at that operation continuously and exclusively since 1984.

The Division points to the various entities in whose name the various tax returns and certificates were filed, as evidence that the Debtors never intended to include the license as an asset of the estate. In addition, the Division refers to *Commissioner of Internal Revenue v. National Alfalfa Dehydrating and Milling Co.*, 417 U.S. 134, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974) and *General Trading Co. v. Division of Taxation*, 83 N.J. 122, 416 A.2d 37 (1980) for the proposition that a taxpayer must live with the consequences of his/her filing information, *i.e.*, that the Debtors should be foreclosed from arguing that Purgatory Associates is not a distinct entity from the Chapter 11 Debtors. The argument holds little weight, for two reasons. First, the inconsistency with which the State itself referred to the operators of the Greenhouse, undercuts its assertion that there may have been an intentional effort on the part of the Debtors to maintain separate entities. Second, it ignores the significance of 11 U.S.C. §§ 362 and 541, which form the basis for the limitation on the Division of Taxation's authority to condition the transfer or renewal of such licenses. *See In re Nejberger*, 120 B.R. 21 (E.D.Pa.1990), *aff'd*, 934 F.2d 1300 (3d Cir.1991); *In re Terwilliger's Catering Plus, Inc.*, 86 B.R. 937 (Bankr.S.D. Ohio 1988), *aff'd*, 911 F.2d 1168 (6th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2815, 115 L.Ed.2d 987 (1991); *In re Hoffman*, 65 B.R. at 986; *Roeder v. Hall (In re Skyline Properties, Inc.)*, 128 B.R. 393 (Bankr.W.D.Pa.1991); *In re Pub Dennis of Mineral Spring Ave., Inc.*, 126 B.R. at 904–05. It is uncontrovertible that the Debtor, Brian Gillson, has an ownership interest in Purgatory Associates, and as such he brings into the estate his property interest in the Purgatory Associates liquor license. This would be so whether the Debtors scheduled the license or not, and there is no way that Brian Gillson's interest in the liquor license, issued in the name of Purgatory Associates, would not be considered property of this estate. *See In re Nejberger*, 120 B.R. at 23–24 (interest in liquor license is property of the estate); *In re Hoffman*, 65 B.R. at 986–87 ("it is clear beyond cavil that the debtor's liquor license, whatever may be its dimensions ..., constitutes 'property' within the Bankruptcy Code's definition thereof").

■ Based upon the evidence, we find that the Debtors were remiss in not referencing the liquor license or Purgatory Associates in their petition, but that the omission was not made through bad faith. In fact, when the Court ordered that the Debtors amend their schedules to specifically include the license as an asset, and to add Purgatory Associates as a debtor in these proceedings, they complied with both instructions, immediately upon the conclusion of the hearing.

As a result, the license unquestionably is property of the estate. Consequently, the logic of *Hoffman* and its progeny apply,

and the State may not object to renewal of the license because of unpaid pre-petition taxes. While there is authority for the proposition that the Court may not *order* the renewal of the license, and instead should "enjoin non-renewal," *see In re Nejberger,* 934 F.2d 1300, 1303–04, in this instance it is proper to order renewal because no other objections to renewal have been raised, and in view of the time constraints herein.

Because the non-payment of post-petition taxes raises additional concerns to the typical *"Hoffman"* scenario, we do not order the renewal of the license, unconditionally. Instead, we ORDER the Town of Middletown to renew and to issue the liquor license to the Greenhouse Inn, or however styled, effective December 1, 1991, notwithstanding the absence of a certificate of payment by the Rhode Island Division of Taxation, as required by R.I.Gen. Laws § 3–7–24 (1987 Reenactment). The license shall expire, however, forty days from entry hereof, if the Debtors do not become current with their pertinent post-petition State and local tax obligations by that time.[2]

Enter Judgment consistent with this opinion.

See also 129 B.R. 18.

---

**2.** Our recent decision in *In re Pub Dennis of Mineral Spring Ave., Inc.,* 126 B.R. 903, 905–06 (Bankr.D.R.I.1991) (requiring the Division of Taxation to comply with the Chapter 7 Trustee's transfer of liquor license despite outstanding post-petition tax obligations), is not inconsistent with our ruling herein as to post-petition taxes. *Pub Dennis* was based on the Rhode Island statute preventing a creditor from objecting to the transfer by a trustee in bankruptcy of a license free and clear of all liens. R.I.Gen. Laws § 3–5–19 (1987 Reenactment). The facts of this case are different, in that we are dealing with a renewal, and not the transfer of a license by the Debtor.