**In re J.R. & C INCORPORATED, Debtor.**

**Bankruptcy No. 92–30861.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 5, 1993.

Taoka, L. Mari, for debtor.

John J. Hunter, trustee.

David J. Coyle, for Wild Wings, Inc.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Request for Payment of Administrative Expense of Wild Wings, Inc. (hereafter "Wild Wings"). In response, John J. Hunter, Trustee (hereafter "Trustee"), believing the matter to be unusual, requested a Hearing. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Trustee was granted leave to file a written statement regarding the conditions, if any, which apply to transference of the liquor license. The Court has reviewed the written arguments and statements of counsel, the relevant case and statutory law, as well as the entire record of the case. Based on that review, and for the following reasons, this Court finds that Wild Wings' Request for Payment of Administrative Expense should be Granted.

### FACTS

J.R. & C, Incorporated (hereafter "J.R. & C") is an Ohio Corporation doing business as Grumpy's Deli and Grumpy's Marathon. Wild Wings is a creditor of J.R. & C. One of J.R. & C's assets is Ohio Liquor License No. 62–013634. J.R. & C accrued delinquent sales/use taxes on the liquor license for the months of September and October, 1991 in the amount of One Thousand Thirty–Five Dollars and Forty–Four Cents ($1,035.44). On March 6, 1992, J.R. & C filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. On April 24, 1992, Wild Wings paid J.R. & C's delinquent tax liability, minus a credit totalling Eighty Eight Dollars and Sixty Five Cents ($88.65). On August 21, 1992, Wild Wings filed a Proof of Claim for unsecured nonpriority debt totalling Three Hundred Fifteen Thousand

Four Hundred Eighty Five Dollars and Fifty Six Cents ($315,485.56).

Wild Wings seek reimbursement for payment of J.R. & C's delinquent taxes as an administrative priority expense. Pursuant to a purported agreement with the Trustee, Wild Wings' payment of the tax liability should be deemed an allowed administrative claim. Wild Wings' claim regarding the agreement or the treatment of the payment has not been refuted by the statement of the Trustee.

## LAW

The case before the Court concerns whether a creditor's payment of delinquent sales/use taxes is an allowable administrative priority expense. Since proceedings related to the determination of administrative expenses are core proceedings under 28 U.S.C. § 157(b)(1)(A), this case is a core proceeding.

Administrative expenses and claims, allowed under 11 U.S.C. § 503(b), take first priority in distribution under 11 U.S.C. § 507(a)(1). What constitutes an administrative expense is more fully defined in 11 U.S.C. § 503(b)(1)(A) as including—

> the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

## DISCUSSION

This Court will consider whether (1) the liquor license is an asset of debtor's estate; (2) payment of delinquent tax liabilities preserves the estate; and (3) Wild Wings is entitled to an allowed administrative priority for payment of prepetition debt after the commencement of the case.

The Sixth Circuit has determined that a liquor license, issued under the auspices of the Ohio licensing statute, is 'property' with unique value. *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168 (6th Cir. (Ohio), 1990), *cert. denied* by *Ohio Depart. of Taxation v. IRS*, — U.S. —, 111 S.Ct. 2815, 115 L.Ed.2d 987 (1991) (citing *Paramount Finance Company v.*

*United States*, 379 F.2d 543 (6th Cir.1967)). Upon filing of the bankruptcy petition, the license becomes property of the bankrupt's estate within the meaning of 11 U.S.C. § 541. *Terwilliger's Catering, supra* at 939 (citing *In re Mason*, 18 B.R. 817 (Bankr.W.D.Tenn.1982)).

Ohio Rev.Code § 4301.26(B) provides in part, that the Liquor Control Commission shall cancel permits in the event of bankruptcy of the holder, except as otherwise provided in the Department of Liquor Control's (hereafter "DLC") rules relative to the transfer of permits. Under Ohio Rev.Code § 4301.03(F), no holder of a permit shall sell or transfer a permit without the written consent of the DLC. The DLC shall not transfer ownership of the permit until returns known to be delinquent are filed and until any such tax delinquency is resolved. Ohio Rev.Code § 4303.26(B)(1).

In the instant case, J.R. & C's unencumbered liquor license is property. Absent payment of the delinquent taxes, J.R. & C's liquor license would have been terminated when it filed bankruptcy. In order to preserve this asset for the benefit of the creditors, all tax arrearages had to be paid before transfer to the estate. Payment of the tax arrearage salvaged an asset for the estate.

This Court must then determine whether payment of the prepetition tax liability after the commencement of the case constitutes an allowable administrative expense under 11 U.S.C. § 503(b). If Wild Wings' claim is deemed an allowable administrative expense under 11 U.S.C. 503(b), it will have first priority in distribution under 11 U.S.C. § 507(a)(1).

An expense is administrative only if it arises out of a transaction between the creditor and the trustee or debtor-in-possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the trustee or debtor-in-possession in the operation of the business. *Trustees of Amalgamated Ins. Fund. McFarlin's Inc.*, 789 F.2d 98 (2nd Cir. (N.Y.), 1986). Priority

is given to administrative expense payments for the reason that they either help preserve and administer the estate or assist with the rehabilitation of the debtor for the benefit of all creditors. *In re Jeurissen*, 85 B.R. 531 (Bkrtcy.D.Minn.1988) (citing *In re Armorflite Precision Inc.*, 43 B.R. 14, 16 (Bktcy.D.Me.1984) *aff'd*, 48 B.R. 994 (D.Me. 1985)).

 To qualify as an administrative expense under 11 U.S.C. § 503(b), the claimant must prove that (1) consideration supporting the right to payment must have been given to the debtor-in-possession; and (2) payment must directly and substantially benefit the estate. *In re White Motor Corp.* 831 F.2d 106 (6th Cir. (Ohio), 1987).

A creditor provides consideration to the bankrupt estate only when the debtor-in-possession induces the creditor's performance and performance is then rendered to the estate. If the inducement comes from a prepetition debtor, then consideration was given to that entity rather than to the debtor-in-possession. *In re United Trucking Service, Inc.*, 851 F.2d 159 (6th Cir. (Mich.), 1988) (quoting *In re Jartran, Inc.*, 732 F.2d 584 (7th Cir. (Ill.), 1984), *aff'd*, 886 F.2d 859 (7th Cir. (Ill.) 1989)).

This Court finds that treatment of the payment transaction arose through negotiations with the Trustee. Wild Wings payment of said debt was made after J.R. & C had filed bankruptcy and for the sole purpose of preserving property of the estate. In his Memorandum, the Trustee specifically indicated that there were "negotiations" with Wild Wings' attorney relative to the sale or other disposition of the liquor license in question. Wild Wings refers in its Response to an understanding that "if they paid Debtor's back taxes on the liquor license, they would be granted an administrative expense for the amount of the back taxes." This Court finds that based upon Wild Wings' Proof of Claim, Wild Wings would not have advanced J.R. & C any additional money or property but for a promise of superpriority status. Accordingly, Wild Wings' reimbursement for payment of J.R. & C's delinquent sales/use

taxes is entitled to administrative priority under 11 U.S.C. § 507(a)(1). In the alternative, this Court finds that Wild Wings should be reimbursed for salvaging property for the estate under principles of quasi-contract or contract implied in law.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Wild Wings' Request for Payment of Administrative Expense under 11 U.S.C. § 507(a)(1) in the amount of Nine Hundred Forty Six Dollars and Seventy Nine Cents ($946.79) be, and is hereby, **GRANTED.**