In re Jeffrey A. JOHNSON, Michelle
L. Johnson, Debtors.

No. 00–53313.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 21, 2000.

Thomas McK. Hazlett, St. Clairsville, Chapter 7 Trustee.

D. William Davis, Lancione Davis & Lloyd, Bridgeport, for Debtors.

## OPINION AND ORDER ON OBJECTION TO CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of the trustee in bankruptcy to a claim of exemption asserted by the debtors for their right to exempt $750 each from the proceeds of the sale of a liquor license under Ohio Revised Code § 2329.66(A)(5).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B).

The debtors were holders of a liquor license, that expires on February 1, 2001, and was issued by the State of Ohio for the operation of their business, Martins Ferry Drive Thru Carry–Out. The debtors filed their chapter 7 petition on April 17, 2000, and the liquor license became property of the bankruptcy estate under 11 U.S.C. § 541. The debtors wish to claim an exemption under Ohio Revised Code § 2329.(A)(5) for the liquor license as "an implement or tool of their profession, trade, or business."

The bankruptcy court for the Western District of Pennsylvania has considered the claim of exemption for a liquor license under the federal exemption provision, 11 U.S.C. § 522(d)(6), which is comparable to Ohio's exemption provisions under Ohio Revised Code § 2329.66(A)(5). Both pro-

visions pertain to exemptions for tools of trade. In its decision, the Pennsylvania bankruptcy court held, "The claim that the license is subject to the exemption of $750 under 11 U.S.C. § 522(d)(6) for 'implements, professional books or tools of the trade of the debtor' is disallowed on the ground that a license confers a right or privilege to transact a type of business and is not a professional book or tool or implement by means of which acts involved in the conduct of a trade or business are performed." *McNamara v. Kienholz (Matter of Stubenhofer)*, 31 B.R. 820 (Bankr.W.D.Pa.1983). The court then restated the same position in a separate case decided the same day. *See Caylor v. Moss (Matter of Caylor)*, 31 B.R. 821 (Bankr. W.D.Pa.1983). The court did allow the liquor license to be exempted as property, in both cases, under 11 U.S.C. § 522(d)(5), the wildcard provision of the federal exemptions.

 The federal exemption, used in the Pennsylvania decisions, provides for, "the debtor's aggregate interest in any implements, professional books, or tools, of the trade of the debtor or the trade of the dependent of the debtor." 11 U.S.C. § 522(d)(6). The Ohio exemption statute provides for, "the person's interest, not to exceed an aggregate of $750, in all implements, professional books, or tools of the person's profession, trade or business, including agriculture." Ohio Revised Code § 2329.66(A)(5). Both the federal and the Ohio exemptions also allow for a wildcard exemption. In Ohio the limit for such an exemption is $400. *See* Ohio Revised Code § 2329.66(A)(18).

 It is noteworthy that Ohio and Pennsylvania law is similar in its treatment of liquor licenses. Like Pennsylvania, Ohio allows a liquor license to be transferred, sold, inherited, and renewed. *See Bavely v. United States (In re Terwilliger's Catering Plus, Inc.)*, 911 F.2d 1168 (6th Cir.1990). Likewise, in both states a liquor license is property includable in the bankruptcy estate. *See In re Nejberger*, 934 F.2d 1300 (3rd Cir.1991); *In re J.R. & C., Inc.*, 157 B.R. 339 (Bankr.N.D.Ohio 1993).

 The Pennsylvania bankruptcy court decided *Matter of Stubenhofer* using federal exemptions nearly identical to those available in Ohio, as well as state liquor licensing laws, which are also fundamentally similar to Ohio's own laws. This Court agrees with the reasoning of the Pennsylvania bankruptcy court. Accordingly, the trustee's objection to the debtors' claim of exemption under Ohio Revised Code § 2329.66(A)(5) for their liquor license is sustained. However, the debtors may claim an exemption in the liquor license under Ohio Revised Code § 2329.66(A)(18), to the extent any portion of that exemption remains unclaimed.

**IT IS SO ORDERED.**